UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GLORIA MCKELPHIN-BARFIELD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:15CV998 RLW |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER OF DISMISSAL

This is a *pro se* action under 42 U.S.C. § 405(g) for judicial review of the final decision of Carolyn W. Colvin, the Acting Commissioner of Social Security ("Commissioner"), finding that Plaintiff was overpaid benefits, that Plaintiff was at fault in causing the overpayment, and that recovery of the overpayment was not waived making Plaintiff liable for repayment of $9,464.20. (Tr. 13-16) Plaintiff filed her Complaint on June 24, 2015, claiming that the final decision of the Commissioner was not based on substantial evidence in the record because she changed her name with the Social Security Administration ("SSA"), and she had some documented disabilities that impaired her. (Compl., ECF No. 1) By Order of June 25, 2015, the Court directed Plaintiff to "serve and file a brief within thirty (30) days after the Commissioner's service of an answer and the administrative transcript." *See* E.D. Mo. L.R. 9.02. The answer and transcript were filed on August 31, 2015, and Plaintiff was served with the documents by first class mail. (ECF Nos. 10, 11) Plaintiff's brief was due on or before September 30, 2015.

The Complaint had been pending for a year with no further activity by Plaintiff to prosecute her case. On June 23, 2016, this Court issued an Order to Show Cause allowing Plaintiff twenty-one (21) days to show cause why her case should not be dismissed for failure to

prosecute or otherwise comply with this Court's Case Management Order ("CMO"). (ECF No. 12) On July 13, 2016, Plaintiff filed a Memorandum for Clerk, requesting thirty (30) additional days. In the Memorandum, Plaintiff provided no good cause for such extension of time and merely indicated that she "missed where I needed to do this after the filing of the case." (ECF No. 13) The Court granted Plaintiff a 10-day extension, giving Plaintiff until July 25, 2016 to file a response. (ECF No. 14)

In a statement to show cause dated July 24, 2016, Plaintiff contends that she was unaware that she had received the answer and transcript and found the documents on July 23, 2016. (ECF No. 15) However, the Court notes that it specifically referenced said answer and transcript in the Order to Show Cause issued 30 days before Plaintiff's statement. (ECF No. 12) Plaintiff also attached a letter to the Commissioner with questions indicating that she does not know where her specific Complaint is, even though she completed and filed the *pro se* Complaint. (ECF No. 15) Plaintiff now asks for an unspecified amount of time to file a brief.

The Court finds that the Complaint should be dismissed for failure to prosecute and comply with this Court's CMO in a timely manner. Plaintiff's two responses to this Court do not provide sufficient cause for failing to comply with the CMO or for allowing the case that she filed to languish for over a year. "Although pro se pleadings are to be construed liberally, pro se litigants are not excused from compliance with relevant rules of the procedural and substantive law." *Schooley v. Kennedy*, 712 F.2d 372, 373 (8th Cir. 1983) (citations omitted). While a *pro se* litigant should receive meaningful notice of the requirements for proceeding with her case, "the court is not required or permitted to act as counsel for any party." *Id.*

Here, the CMO that Plaintiff received clearly required her to serve and file a brief within 30 days after service of an answer and the transcript. While Plaintiff maintains that she did not

2

know where to file subsequent documents, she was able to file her original Complaint, Motion to Proceed *in forma pauperis*, and Financial Affidavit with this Court, as well as file responses to the Court's Order to Show Cause.

An involuntary dismissal for failure to comply with a district court's order is within the sound discretion of this Court. *Id.* at 374. Further, a dismissal without prejudice mitigates against a finding that a court abused its discretion. *Id. See also Pollins v. Colvin*, 638 Fed. App'x 575 (8th Cir. March 30, 2016) (concluding that the district court did not abuse its discretion in dismissing social security claimant's appeal from the denial of supplemental security income for failure to prosecute and comply with a court order).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Complaint for Judicial Review of Decision of the Commissioner of Social Security (ECF No. 1) is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail a copy of this Order to Plaintiff, Gloria McKelphin-Barfield, at her last known address: 2210 Ann Ave., St. Louis, MO 63104, via U.S. Postal Mail and UPS.

Dated this 26th day of July, 2016.

RONNIE L. WHITE
**UNITED STATES DISTRICT JUDGE**